UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY R. CAMPBELL,

      Plaintiff,

    v.                                                   Case No. 06-C-0482

MILWAUKEE COUNTY JAIL/SHERIFF DEPARTMENT,
SHERIFF DAVID A. CLARKE,
JOHN/JANE A. DOE HEALTH DIRECTOR,
and JOHN B. DOE DENTIST,

      Defendants.

## DECISION AND ORDER

Plaintiff Gary R. Campbell, a state prisoner at all times relevant, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff has been assessed and paid an initial partial filing fee of $4.17. Currently pending are plaintiff's petition for leave to proceed in forma pauperis and motion to screen the complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An initial comment is necessary with respect to plaintiff's request to proceed in forma pauperis. Plaintiff has sought in forma pauperis status in one case in this district and a number of cases in the Western District of Wisconsin which are relevant to this court's

consideration of his instant request to proceed in forma pauperis. In particular, Judge Barbara Crabb recently entered an order denying the plaintiff's application for leave to proceed in forma pauperis on grounds that his trust account statement showed that he had received deposits to his prison trust account totaling $380, but had not insured that the deposits were collected by the jail to pay the balances he owed for filing complaints and/or appeals in the following cases: (1) Campbell v. Nyklewick, No. 05-C-481 (balanced owed of $79.56); (2) Campbell v. Johnson, No. 04-C-661 (balance owed of $644.59); (3) Campbell v. Doll, No. 02-C-225 (balance owed of $227.46); and (4) Campbell v. Toney, No. 01-C-524 (balance owed of $181.93). See Campbell v. Clarke, No. 06-C-148 (W.D. Wis. April. 19, 2006). Judge Crabb concluded that in such circumstances plaintiff is to be treated as if he had struck out under 28 U.S.C. § 1915(g) until the amount he is in arrears has been paid. Campbell v. Clarke, No. 06-C-148 (W.D. Wis. April 19, 2006) (citing Thurman v. Gramley, 97 F.3d 185, 188 (7th Cir. 1996)). As a result, Judge Crabb denied plaintiff's request for leave to proceed in forma pauperis and ordered that he was not allowed to apply for pauper status in that court until he submits proof that he has paid the amount he is in arrears unless his complaint reveals that he is under imminent danger of serious physical injury. Campbell v. Clarke, No. 06-C-148 (W.D. Wis. April 19, 2006).

Then, on May 9, 2006, Judge Crabb entered an order in Campbell v. Nyklewick, No. 05-C-481, dismissing such case because plaintiff submitted a false affidavit of indigency in support of his request to proceed in forma pauperis. See Campbell v. Nyklewick, No. 05-C-481 (W.D. Wis. May 9, 2006). The court's decision was based on its finding that on at least one occasion, (February 13, 2006), plaintiff had conspired with another inmate, Dion Spychala, to deposit funds intended for plaintiff into Spychala's account in order to maintain

2

a low or negative balance in plaintiff's account so that he could avoid making payments for filing fees as required under the Prison Litigation Reform Act. Id.

Subsequently, in Campbell v. Clarke, No. 06-C-560, I noted plaintiff's arrears in the cases he filed in the Western District of Wisconsin as well as the false trust account statement he filed in Campbell v. Nyklewick, No. 05-C-481. See Campbell v. Clarke, No. 06-C-560. Because plaintiff submitted in Campbell v. Clarke, No. 06-C-560 a trust account statement that included the fraudulent February 13, 2006, transaction and since he made no efforts to notify the court of Judge Crabb's May 9, 2006, decision or otherwise correct the fraudulent information in his trust account statement, I dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(A).[1]

As noted, there is currently pending plaintiff's petition to proceed in forma pauperis in the instant action. However, a review of plaintiff's prison trust account statement reveals that it covers the period from July 27, 2005, to March 23, 2006, which includes the fraudulent transaction on February 13, 2006. Section 1915(e)(2)(A) provides that "the court shall dismiss the case at any time" if the allegations of poverty by plaintiff is found to be false. 28 U.S.C. § 1915(e)(2)(A)(emphasis added). The court must dismiss a pending suit under these circumstances. See Thomas v. General Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002); Eleby v. Unilever Food Solutions, No. 05-C-4509, 2006 WL 644022 at *2 (N.D. Ill. Mar. 3, 2006).

Plaintiff filed this complaint and affidavit of indigence prior to receiving notice of Judge Crabb's May 9, 2006, decision in Campbell v. Nyklewick, No. 05-C-481 and before I issued

---

[1] I also assessed plaintiff a strike under 28 U.S.C. § 1915(g) because the complaint failed to state a claim upon which relief could be granted. See Campbell v. Clarke, No. 06-C-560.

3

the order dismissing Campbell v. Clarke, No. 06-C-560.  However, since receiving notice of both decisions, plaintiff has not taken any steps to correct the false information contained in the trust account statement he undoubtedly knows to be fraudulent.  Moreover, plaintiff was not without opportunity to make such efforts.  Since the issuance of Campbell v. Nyklewick, No. 05-C-481 and Campbell v. Clarke, No. 06-C-560,  plaintiff has filed several pieces of correspondence with this court,  none of which attempt to rectify or explain the false information contained in his prison trust account statement. Thus, I find that dismissal of plaintiff's action is warranted under 28 U.S.C. § 1915(e)(2)(A) because the trust account he submitted contains fraudulent information.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's request to proceed in forma pauperis (Doc. # 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to screen complaint or reassign case (Docket # 5) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(A).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $342.12 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the

4

amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 17 day of November, 2006.

/s_____
LYNN ADELMAN
District Judge